IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SHERWIN V. KOYLE,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>WELLS FARGO BANK MINNESOTA, N.A. c/o WELLS FARGO BANK, N.A., WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br><br><br>Case No. 2:11-CV-446 TS |

This matter is before the Court on Defendant Wells Fargo Bank, N.A., as successor by merger to Wells Fargo Bank Minnesota, N.A.'s Motion to Dismiss Plaintiff's Complaint.[1]  For the reasons provided more fully below, the Court will grant Defendant's Motion.

I.  BACKGROUND

This case arises from the foreclosure, or attempted foreclosure, of property owned by Plaintiff Sherwin Koyle.  On or about February 7, 2003, Plaintiff borrowed $139,000 from TLP

_____

[1]Docket No. 4.

Funding Corporation.  Plaintiff executed a promissory note (the "Note") and deed of trust (the "Deed of Trust") referencing this transaction.  The loan was secured with real property owned by Plaintiff located in Orem, Utah.[2]

On or about May 1, 2003, TLP assigned its interest in the Note to Option One Mortgage Company ("Option One").[3]  On the same day, Option One assigned its interest in the Note to Defendant.[4]  These assignments—from TLP to Option One and from Option One to Defendant—were not recorded with the Utah County Recorder until December 12, 2003.

Meanwhile, after the assignment to Defendant, but before the recording of either Option One's or Defendant's interest, Plaintiff defaulted on the loan.  As a result of Plaintiff's default, on October 15, 2003, Defendant filed a substitution of trustee naming Scott Lumberg as the successor trustee.[5]  Mr. Lumberg then filed a Notice of Default and Election to Sell.  The Notice of Default and substitution of Mr. Lumberg as trustee were both recorded with the Utah County Recorder on October 16, 2003.[6]

On February 3, 2005, Plaintiff filed a lawsuit against Option One in Utah state court.  The complaint filed in that action was nearly identical to that filed in this action.  Defendant was

---

[2]*See* Docket No. 5. Ex. A.

[3]*See id.* Ex. B.

[4]*See id.* Ex. C.

[5]*See id.* Ex. D.

[6]*See id.* Ex. E.

named as a party to that case, however, Plaintiff failed to properly serve the Defendant.[7]  As a result, Plaintiff filed this separate suit against Defendant—once more in Utah state court—on April 11, 2011.  Defendant removed the action to this Court.

## II.  STANDARD OF REVIEW

In examining a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court in *Bell Atlantic Corporation v. Twombly*,[8] stated that a plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[9]  This requires "more than an unadorned, the-defendant-unlawfully harmed-me accusation."[10]  The Court in *Twombly* also pointed out that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[11]

"Plaintiff is proceeding pro se and, as a result, the [C]ourt construes his pleadings liberally and holds his pleadings to less stringent standards than formal pleadings drafted by

---

[7]In their supplemental responses, the parties indicate that Plaintiff's first state court action has now been voluntarily dismissed with prejudice.

[8]550 U.S. 544 (2007).

[9]*Id.* at 547.

[10]*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[11]*Twombly*, 550 U.S. at 555 (internal punctuation omitted) (citations omitted).

lawyers."[12]   However, as a pro se litigant, Plaintiff must still "follow the same rules of procedure that govern other litigants."[13]   Additionally, a broad reading of a pro se litigant's complaint does not relieve him of alleging sufficient facts upon which a recognized legal claim can be based.[14]

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[15]   "In determining whether a dismissal is proper, [the court] must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[16]

In considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[17]   Thus,

> notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, "[a] district court may

---

[12]*Bryner v. Bryner*, 2009 WL 2920376, at *3 (D. Utah Sept. 11, 2009) (citing *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)).

[13]*Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[14]*Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (internal quotation marks and citation omitted).

[15]*Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001).

[16]*Gaines*, 292 F.3d at 1224.

[17]*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 & Supp. 2007)).

consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[18]

## III.  DISCUSSION

In his Complaint, Plaintiff alleges the following grounds for relief: (1) violations of the Real Estate Settlement Procedures Act ("RESPA"); (2) violations of Utah Statutory Code; (3) breach of contract; (4) fraudulent notice of default and improper foreclosure; and (5) demand of proof.  Defendant seeks dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff fails to state a claim for relief as a matter of law. Defendant also argues that, in the alternative, Plaintiff's Complaint should be dismissed based on the first-filed state court action.[19]

A.     RESPA

Defendant asserts that Plaintiff's RESPA claims should be dismissed as a matter of law because the RESPA sections relied upon by Plaintiff are inapplicable to Defendant and because Plaintiff's RESPA claims are time barred.  Plaintiff contends that his claims were filed in a timely manner based upon the filing of his previous state court proceeding.

Plaintiff appears to assert a violation of RESPA as found in 12 U.S.C § 2605. That section provides: "Each servicer of any federally related mortgage loan shall notify the borrower

---

[18]*Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

[19]Defendant originally argued that Plaintiff's Complaint constituted impermissible claim-splitting.  In a supplemental brief, Defendant asserts that Plaintiff has stipulated to dismissal of all claims in the state court case and, therefore, claim-splitting no longer applies and Plaintiff's claims are barred in this action under the doctrine of claim-preclusion.

in writing of any assignment, sale, or transfer of the servicing of the loan to any other person."
Section 2605 defines a "servicer" as "the person responsible for servicing of a loan (including the
person who makes or holds a loan if such person also services the loan)."  "'Servicing' means
receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . .
and making the payments of principal and interest and such other payments with respect to the
amounts received from the borrower as may be required pursuant to the terms of the loan."[20]

Here, Plaintiff alleges that Defendant failed to provide notice of its interest in the Note
and Deed of Trust.  The parties do not dispute that Defendant did not provide any notice to
Plaintiff that it was assigned the Note in May of 2003.

However, Plaintiff has not alleged that Defendant is the servicer of his loan.  Nor has
Plaintiff alleged that Defendant performed any of the actions indicative of a loan servicer, i.e.
receiving payments and applying such to the loan interest or principal.  Plaintiff alleges that
Defendant is the holder of the loan.  A loan holder is only required to provide notice under §
2605 if it also services the loan.  Defendant asserts that Option One was the servicer of the loan
at the time of the allegedly missing notices.  Plaintiff does not dispute this assertion.  The Court
is unable to infer from Plaintiff's allegations that Defendant is a servicer of the loan based merely
on its receipt of the Note.[21]

---

[20]12 U.S.C. § 2605(i)(3).

[21]The Court notes that such an inference would run contrary to the plain language of the
Deed of Trust.  The Deed of Trust provides that "If the note is sold and thereafter the loan is
serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing
obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan
Servicer *and are not assumed by the Note purchaser unless otherwise provided by the Note*

The Court further finds that Plaintiff's RESPA violation allegations are barred by the statute of limitations.  Claims under RESPA, pursuant to § 2605, must be brought within three years of the alleged violation.[22]  Plaintiff contends that this action is timely based on his earlier filing in state court.  The Court is not persuaded that it should toll the statute of limitations against this Defendant based on Plaintiff's previous state court action against Option One.

In sum, the Court finds that Plaintiff has failed to state a claim under RESPA as a matter of law because Plaintiff has not alleged any facts to demonstrate that Defendant was the servicer of his loan and because Plaintiff failed to file his Complaint within the time limitations proscribed for such violations.

B.      UTAH CODE ANNOTATED § 70D-2-303

Plaintiff alleges that Defendant failed to provide notice as required under Utah Code Ann. § 70D-2-303.  Similar to RESPA's notification requirement, § 70D-2-303 requires that:

> If the servicing of a mortgage loan is assigned, the servicer that assigns the servicing and the successor servicer shall each mail, at least 10 days before the due date of the first mortgage payment due after the assignment, a written notice to the mortgagor notifying the mortgagor of:
> (A) the assignment of servicing; and
> (B) the address at which future loan payments should be made.

Section 70D-2-102(7) provides that a "'Servicer' means a person who in the regular course of business assumes the responsibility for servicing and accepting payments for a mortgage loan."

---

*purchaser*."  Docket No. 5 Ex. A, at 11 (emphasis added).

[22]*Id.* at § 2614.

As addressed more fully above, Plaintiff has not alleged that Defendant was the servicer of his loan.  For this reason, the Court finds § 70D-2-303 to be inapplicable to Defendant and will dismiss this claim as a matter of law.

C.      BREACH OF CONTRACT

Plaintiff's breach of contract claim is based on a provision of the underlying loan agreements that places a burden on the "loan servicer" to provide notice of the transfer or assignment of the servicing interest.  The Deed of Trust provides that "[i]f there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address to which payments should be made."[23]

Defendant is not alleged to be the servicer of the loan, rather, Defendant received an ownership interest in the Note.  The Deed of Trust provides that "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to the Borrower."[24]  Based on this language, the Court finds that Plaintiff has failed to allege facts sufficient to maintain a claim for breach of contract.

D.      FRAUDULENT NOTICE OF DEFAULT AND IMPROPER FORECLOSURE

Plaintiff's claim of fraudulent notice of default and improper foreclosure is premised on the technical argument that because Defendant did not record its interest in the Note until December 12, 2003, it could not authorize Mr. Lumberg to file a Notice of Default on October

---

[23]Docket No. 5 Ex A, at 11.

[24]*Id.*

16, 2003.[25]  Thus, the issue before the Court is whether Defendant could properly file a substitution of trustee and notice of default—beginning the nonjudicial foreclosure proceedings—without first recording its interest in the Note.

In *Marty v. Mortgage Electronic Registration Systems*,[26] this Court previously addressed this same issue.  In that case, the court was presented with the question of "whether a recording is required under the law to foreclose nonjudicially."[27]  In *Marty*, as in this action, the parties similarly argued for the application of Utah Commercial Code requirements as authoritative on the issue of whether a recording is required.[28]  The *Marty* court held that Utah's Commercial Code, Section 9a, did not apply to nonjudicial foreclosures and, therefore, Plaintiff's reliance on such provisions was misplaced.[29]

"Utah Code Ann. § 70A-91-109(3)(b) states that Utah's commercial code, Section 9a, does not apply to the extent that another statute of this state expressly governs the creation, perfection, priority, or enforcement of a security interest created by this state or a governmental

---

[25]Plaintiff recognizes that his claims for fraudulent notice of default and improper foreclosure are premised on an alleged technical violation.  In his Objection to Defendant's Motion to Dismiss, Plaintiff states that "If the above-referenced Notice of Default were to be canceled and foreclosure action started over again, then Plaintiff's allegations would become moot."  Docket No. 7, at 2-3.

[26]2010 WL 4117196 (D. Utah Oct. 19, 2010).

[27]*Id*. at *3.

[28]In *Marty*, the Court dealt specifically with § 70A-9a-607.  Here, the parties have cited to that same section, along with various other code sections from the same chapter.  *See id.*

[29]*Id.*

unit of this state."[30]  "Utah Code Ann. § 57-1 provide[s] for the recording, the notice, and sale of foreclosed property."[31]   For this reason, this Court finds, as in *Marty*, "that Section 57-1 expressly governs the enforcement of rights under a trust deed, and any reliance on Section 70A-9a[] is improper."[32]

For this reason, the Court finds that Plaintiff has failed to state a claim for fraudulent notice of default and improper foreclosure as a matter of law.  To the extent Plaintiff's allegations could be construed to allege a violation, such violation necessarily relies upon inapplicable Utah statutory code.

E.      DEMAND FOR PROOF OF CLAIM

Plaintiff alleges that he is "entitled to an authoritative 'Proof of Claim' that Defendant . . . has the legal right to enforce the promissory note on which they are attempting to foreclose and collect payment(s) for."[33]  Plaintiff's allegation is not supported in law.  This Court has repeatedly rejected similar "show me the note" theories.[34]  "Moreover, Utah law on nonjudicial foreclosure contains no requirement that the beneficiary produce the actual note in order to

---

[30]*Id*. (internal quotations and citation omitted).

[31]*Id*.

[32]*Id.*

[33]Docket No. 2-2, at 8.

[34]*See Fowler v. ReconTrust Co., N.A.*, 2011 WL 839863, at *2 (D. Utah Mar. 10, 2011); *Stradling v. Sun Am. Mortg.*, 2011 WL 1226102, at *2 (D. Utah Mar. 28, 2011).

authorize the trustee to foreclose on the property secured by the note."[35]  Therefore, the Court finds that Plaintiff has failed to state a claim for relief based upon his demand for proof of claim allegation.

F.      FIRST-FILED

Defendant also alleges that Plaintiff's suit should be barred under the doctrine of claim splitting or claim preclusion because Plaintiff filed a nearly identical complaint in state court in 2005.  Because the Court finds that Plaintiff's Complaint fails to state a ground for relief, it will decline to consider Defendant's arguments on this point.

IV.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint (Docket No. 4) is GRANTED.  Plaintiff is ordered to release the lis pendens filed in connection with this case.  The Clerk of Court is instructed to close this case forthwith.

DATED   February 24, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[35]*McGinnis v. GMAC Mortg. Corp.*, 2010 WL 3418204, at *2 (D. Utah Aug. 27, 2010) (citing Utah Code Ann. § 57-1-21 to –38).