IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SHERWIN V. KOYLE,<br><br>  Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK MINNESOTA, N.A. c/o WELLS FARGO BANK, N.A., WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTIONS<br><br><br><br>Case No. 2:11-CV-446 TS |

This matter is before the Court on Plaintiff Sherwin Koyle's Motion to Amend Plaintiff's Complaint, Motion to Set Aside Judgment, and Motion for Required Joinder of Parties.[1] For the reasons discussed more fully below, the Court will deny Plaintiff's Motion to Set Aside Judgment and deny Plaintiff's remaining motions as moot.

---

[1]Docket Nos. 32, 36, and 38.

I.  BACKGROUND

Plaintiff filed his original Complaint in this matter in Utah state court on or about April 29, 2011.  On May 17, 2011, Defendants removed the case to this Court.  Shortly thereafter, Defendants filed a motion to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim.  Plaintiff filed an opposition to Defendants' motion.  Additionally, Plaintiff later filed a document entitled Memorandum in Support of Plaintiff's Motion to Amend Complaint.[2]  Plaintiff did not file a motion to amend complaint or a proposed amended complaint for the Court's review.

The Court granted Defendants' Motion on February 24, 2012, and dismissed Plaintiff's case.  Plaintiff subsequently appealed that decision.  On appeal, Plaintiff argued that this Court improperly denied his request for leave to amend his complaint.  The Tenth Circuit, in an opinion dated July 16, 2012, held that Plaintiff never filed a motion to amend for this Court's consideration and affirmed this Court's judgment.

On July 25, 2012, Plaintiff filed with this Court his Motion to Amend Plaintiff's Complaint.  In August 2012, Plaintiff sent two notices to the 10th Circuit advising the court of his intention to file a petition for writ of certiorari with the United States Supreme Court.  During the month of September 2012, Plaintiff filed his Motion to Set Aside Judgment and Motion for Required Joinder of Parties.  Defendants have filed oppositions to each of Plaintiff's motions.  Plaintiff has not responded to Defendants' oppositions.

---

[2]Docket No. 14.

## II. DISCUSSION

Plaintiff moves the Court to: (1) set aside its prior judgment dismissing his case; (2) allow Plaintiff the opportunity to file an amended complaint; and (3) add as a party to this case the current mortgage loan servicer for the property giving rise to this dispute. The Court will address each of Plaintiff's requests in turn.

### A. MOTION TO SET ASIDE

Plaintiff argues that this Court's prior judgment dismissing his case should be set aside under Federal Rule of Civil Procedure 60(b)(1) due to the mistake and excusable neglect of the court clerk in mishandling his pleadings. Specifically, Plaintiff asserts that the court clerk acknowledged receipt of his motion to amend and yet failed to enter his motion into the court docket. Defendants contend that Plaintiff's Motion to Set Aside should be denied because Plaintiff provides no evidence of mistake or excusable neglect, granting the motion would be futile, and this Court lacks jurisdiction to grant the Motion.

As a threshold matter, the Court would note that because of the procedural posture of this case, its jurisdiction to grant Plaintiff relief is limited. Where, as here, a party files a motion to set aside judgment under Rule 60(b) during the course of an ongoing appeal, the Court may consider the motion, however it is without jurisdiction to grant relief without a proper remand from the appellate court.[3] Nevertheless, the Court may consider the motion and deny it on the merits.[4]

---

[3] *See Aldrich Enters., Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir. 1991).

[4] *See id.*

Pursuant to Rule 60(b)(1) the court may relieve a party from a final judgment "[o]n motion and just terms, . . . for . . . mistake, inadvertence, surprise, or excusable neglect." This "'is an extraordinary procedure' which 'seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts.'"[5] Further, Rule 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment."

Here, Plaintiff rehashes before this Court the same argument he raised before the 10th Circuit on appeal—that Plaintiff filed a proper motion to amend his complaint but the court clerk failed to enter the motion on the docket. In addressing this same argument, the Tenth Circuit stated: "Mr. Koyle's reply brief in this court asserts that he did file a formal motion to amend his complaint. But his claim directly contradicts the record. The district court's docket explicitly recites that no motion was filed at the time Mr. Koyle filed his memorandum."[6] Plaintiff has provided no additional evidence of a clerical mistake or oversight in support of this Motion.

In short, Plaintiff has failed to establish any mistake or excusable neglect on the part of the court clerk and Plaintiff's Motion provides no other argument demonstrating mistake, inadvertence, surprise, or excusable neglect. For these reasons, the Court will deny Plaintiff's Motion to Set Aside.

---

[5] *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (quoting *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983)).

[6] *Koyle v. Wells Fargo Bank Minn.*, 47 F. App'x 712, 713 (10th Cir. 2012) (unpublished).

B.   MOTION TO AMEND

Because the Court will deny Plaintiff's Motion to Set Aside, it follows that Plaintiff's Motion to Amend is moot. "After a district court enters a final judgment, as occurred here, it may not entertain motions for leave to amend unless the court first sets aside or vacates the judgment pursuant to Fed.R.Civ.P. 59(e) or 60(b)."[7] Therefore, the Court will deny Plaintiff's Motion to Amend as moot.

C.   JOINDER

Plaintiff's Motion for Joinder is premised on the success of his Motion to Set Aside and Motion to Amend. Because the Court will deny those motions, Plaintiff's Motion for Required Joinder of Parties is moot.[8]

### III.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's Motion to Set Aside Judgment (Docket No. 36) is DENIED. It is further

ORDERED that Plaintiff's Motion to Amend Plaintiff's Complaint (Docket No. 32) is DENIED AS MOOT. It is further

---

[7]*Combs v. PriceWaterhouse Coopers LLP*, 382 F.3d 1196, 1205 (10th Cir. 2004) (citing *Seymour v. Thornton*, 79 F.3d 980, 987 (10th Cir. 1996)).

[8]*See Bennett v. Behring Corp.*, 466 F. Supp. 689 (S.D. Fla. 1979) (holding that where property owners could not prevail against developer on claim that deed restrictions requiring property owners to become lessees under recreational facility leases in community were unconscionable, issue of joinder of indispensable parties who had interest in recreation leases was moot).

ORDERED that Plaintiff's Motion for Required Joinder of Parties (Docket No. 38) is DENIED AS MOOT.

DATED   December 21, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge